Date signed October 29, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| STEPHEN T. HUDGENS | : | Case No. 10-11453PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GWENDOLYN A. BUSH | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0255PM |
| | : | |
| STEPHEN T. HUDGENS | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

   This adversary proceeding is brought by a former business associate of the Debtor and is based upon his alleged fraudulent use of a business credit card. The business venture described to the court involved speculative purchases of real property in North Carolina and Florida. These properties were to be identified, purchased, rehabilitated, and resold at a profit. Due to the present economic situation, the business did not turn a profit, and the Debtor filed this bankruptcy case under Chapter 7.

   In order to prevail, the Plaintiff must prove by a preponderance of evidence the existence of fraud and the amount of damages sustained. Debtor's answer to the Complaint admits that a small portion of the charges made by him were not business related but denies that these charges constituted a fraudulent use of the credit card. The court, however, believes the Plaintiff's testimony concerning the parties' business relationship and the use of the credit card and finds as

a fact that, contrary to Debtor's expressed representation to the Plaintiff that the card would be used for business purposes only, he used it to make personal purchases.  Insofar as the record establishes this to be the case, the Plaintiff is entitled to compensation therefor.

The charges complained of include restaurant bills here and elsewhere, airline fares, clothing bills, and hotel bills.  Debtor testified that his travels to North Carolina and Florida, and the related hotel stays and restaurant meals, were all made in an effort to develop business.[1]  Plaintiff urges that the Florida trips were made in connection with property owned by the Debtor individually.  Debtor's Statement of Financial Affairs discloses that he issued a deed in lieu of a foreclosure of a property in Redington Beach, Florida, to Bank of America, and his Schedules reflect ownership of two properties in Tampa, Florida, as to which the court granted relief from the stay to the secured parties.  The court finds that the Plaintiff has not proved by a preponderance of the evidence that the facts are to the contrary.  Similarly, the court is unable, based on this record, to find that the Plaintiff has sustained her burden of proof with respect to the air travel.

However, there is one group of charges that clearly reflects Debtor's personal use of the card in breach of his fiduciary duty as managing co-partner in the venture.  "The statutory fiduciary duties in a general partnership, codified in RUPA [Maryland Revised Uniform Partnership Act] § 9(a)-404 [MD. CODE ANN. CORPS. & ASS'NS, § 9A-404(a) (2007)], create a trust duty upon a partner that is expressed and exists before any wrongful act."  *In re Garrett*, 2006 WL 5003864, at *2 (BC Md. March 17, 2006).  The court finds that Debtor's explanations for the following charges related to the purchase and alteration of items of clothing to be wholly unworthy of belief:

**Boot City, Inc.**
$294.99 (October 31, 2006)

---

[1] Debtor also explained that a number of charges dealing with an entity known as Peak Potentials that purported to offer professional help with deals and negotiations and to provide business advice.  *See*, for example, charge of $594.00 dated December 2, 2006.  The irony of this is that this enterprise may well be a scam itself.  *See* http://www.complaintsboard.com/complaints/unethicalbusinesspracticestraining and http://www.peakpotentialsforum.com.

**Paul Frederick Shirt**[2]

$324.50 (October 31, 2006)
$219.00 (November 8, 2006)
$343.95  (November 27, 2006)

**Paul Koko, Inc. (Tailor/Seamstress)**

$1,050.00 (November 4, 2006)
$750.00 (November 20, 2006)

**Guss Woolen, LLC**

$301.88 (November 22, 2006)

Among other charges complained of that reflect Debtor's use of the credit card for his own benefit are an electric service bill for $469.53, a carpet cleaning bill in the amount of $104.00, a purchase at Linens & Things in the amount of $72.96, and a purchase at Costco in the amount of $102.99.  The court finds that each of these charges clearly represents a misappropriation of funds.

For the foregoing reasons, the court will enter judgment in the amount of Three Thousand Eight Hundred Twenty Five Dollars and Thirty Cents ($3,825.30) that is not dischargeable.  An appropriate order will be entered.

cc:    Gwendolyn A. Bush, 2775 Bixby Road, Woodbridge, VA 22193
       Stephen T. Hudgens, 12401 Ransom Drive, Glenn Dale, MD 20769
       Craig Lawrence Holcomb, P.O. Box 7327, Gaithersburg, MD 20898

**End of Memorandum of Decision**

---

[2]A credit in the amount of $208.50 was applied to the account on November 9, 2006, with respect to a purchase made at this store.